UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

MICHAEL CRAIG CLARK,

Plaintiff,

v.

VALVOLINE RAPID OIL CHANGE STATIONS, MAC HAMMOND, RANDY MORRISON, ST. LUKES CATHOLIC CHURCH, ST. MARY OF THE LAKE, ST. MATTHEWS CATHOLIC CHURCH, LAPUERTA ABIERTA UMC, CENTRAL BAPTIST CHURCH, CHAPEL HILL CHURCH, CHRIST COMMUNITY CHURCH, CROSS OF CHRIST COMMUNITY CHURCH, ARLINGTON HILLS PRESBYTERIAN CHURCH, CENTRAL PRESBYTERIAN CHURCH, CHEROKEE PARK UNITED CHURCH, DAYTON AV PRESBYTERIAN CHURCH, RAINBOW CHRISTIAN FELLOWSHIP, REDEEMING LOVE CHURCH, ROSEVILLE ASSEMBLY OF GOD, MINNESOTA STATE GOVERNMENT OFFICE OF THE ATTORNEY GENERAL, MINNESOTA STATE GOVERNMENT GOVERNOR'S OFFICE,

Defendants.

Civil No. 00-1359 (PAM/JGL)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he seeks leave to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated

FILED JUN 19 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

below, it is recommended that Plaintiff's IFP application be denied, and that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

Plaintiff is attempting to sue various private individuals, corporations and churches, as well as the State of Minnesota, for allegedly dispossessing him of certain property interests. As far as the Court can discern, Plaintiff is contending that the named Defendants, (twenty parties in all), have fraudulently obtained "oil, gas and petroleum products" from certain unidentified parcels of real estate that he allegedly owns (or should own) by right of inheritance. Plaintiff also claims that Defendants have violated his rights under the U.S. Constitution and federal statutory law, although the complaint does not mention any specific statute or constitutional protection. Plaintiff is seeking a judgment that would award to him "all defendants' total assets both tangible and liquid, jointly and/or separately held, in or under United States jurisdiction for actual and punitive damages."

## II. DISCUSSION

An IFP application will be denied and the action will be dismissed if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).[1] In this case, it is clear that, even with the benefit of liberal construction, (see

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where

Atkinson 91 F.3d at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)), Plaintiff's complaint is inadequate. His pleading is defective in several respects.

Most notably, Plaintiff's complaint does not include sufficient factual allegations to state an actionable claim against any of the named Defendants. While a pro se pleading is to be liberally construed, it still must allege some historical facts which, if proven true, would entitle the plaintiff to some legal relief against the individuals named as defendants. Martin v. Sargent, 780 F.2d 1334, 1337 (1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). Here, Plaintiff's complaint is fatally deficient for the simple reason that it does not allege any facts that would support any claim against any of the named Defendants. The complaint does not specifically describe what any individual Defendant actually did, (or failed to do), that could cause such Defendant to be liable to Plaintiff.

Plaintiff has pleaded only the most nebulous allegations, by which he asserts that Defendants have somehow deprived him of certain vaguely defined property interests. These conclusory allegations will not suffice. Again, a complaint must allege specific historical facts which, if ultimately established, would substantiate the plaintiff's legal claims against the named defendants. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings

---

the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

With the enactment of § 1915(e)(2)(B)(ii), it is no longer necessary for the Court to determine whether the instant complaint is "frivolous." Nevertheless, the Court notes that even under that old standard the instant complaint would be dismissed, as plaintiff has not made "any rational argument in law or fact entitling him to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). Because Plaintiff has not adequately described the facts on which his claims are based, he has failed to state a legally cognizable cause of action.

Furthermore, to the extent that Plaintiff is attempting to maintain a fraud claim against some or all of the Defendants, he has not complied with Fed. R. Civ. P. 9(b), which requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." (Emphasis added.) "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." Commercial Property Investments, Inc. v. Quality Inns International, Inc., 61 F.3d 639, 644 (8th Cir. 1995). To state an actionable fraud claim, a complaint must describe specific events, including when and where such events occurred. Id. The complaint must explain each Defendant's allegedly wrongful acts "with particularity." Vague allegations of fraud, such as those appearing in Plaintiff's complaint, are inadequate. Indeed, the Court finds that Plaintiff's current pleading does not come close to satisfying the requirements of Rule 9(b), because it does not include any factual allegations describing any specific fraudulent acts committed by any of the twenty named Defendants.

Finally, the Court notes that this case appears to involve some type of inheritance or probate dispute. Plaintiff claims to be the rightful heir to the property at issue in this case, and he apparently believes that Defendants have somehow interfered with his right of inheritance. It is well-settled, however, that "a federal court has no jurisdiction to probate a will or administer an estate," even where there is diversity of citizenship between the parties involved in a probate dispute. Markham v. Allen, 326 U.S.

490, 494 (1946). See also, Dragan v. Miller, 679 F.2d 712, 713 (7th Cir.) (describing the "probate exception" as "settled law"), cert. denied, 459 U.S. 1017 (1982). It is therefore highly doubtful that any of Plaintiff's current claims could be entertained in federal court, even if those claims were adequately pleaded.

For all of the reasons discussed above, the Court concludes that Plaintiff has failed to state any claim that is actionable in federal court. It is therefore recommended that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**III. RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. The action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: June 16, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by July 7, 2000, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate

as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.